# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:04-CR-0007** |
| v. : | **(Judge Conner)** |
| **BRYAN NEAL** : | |

## ORDER

AND NOW, this 21st day of May, 2008, upon consideration of defendant's motion (Doc. 71) for modification of his sentence filed under Rule 60(b)(5) and (6) of the Federal Rules of Civil Procedure, which requests that defendant be placed into home confinement for the duration of his sentence to enable him to care for his ailing mother, and it appearing that the Federal Rules of Civil Procedure are inapplicable to criminal proceedings such as the above-captioned, see FED. R. CIV. P. 1, and that "a district court may not modify a term of imprisonment once imposed" unless the modification is authorized by a statute or under the Federal Rules of Criminal Procedure, Sloan v. United States, Crim. No. 03-72, 2008 WL 2020183, at *2 (W.D. Pa. May 8, 2008); see also 18 U.S.C. § 3582(c) (stating that "[t]he court may not modify a term of imprisonment once it has been imposed" unless permitted to do so by statute or rule); Homick-Van Berry v. Nelson, No. Civ. 08-0891, 2008 WL 687258, at *3 (D.N.J. Mar. 11, 2008), and defendant having cited no controlling statute or Federal Rule of Criminal Procedure that authorizes the relief

requested,[1] and the court's independent research having produced none,[2] it is hereby ORDERED that the motion (Doc. 71) for modification of defendant's sentence is DENIED.

                                                S/ Christopher C. Conner
                                                CHRISTOPHER C. CONNER
                                                United States District Judge

---

[1] The court notes that the Federal Bureau of Prisons ("BOP") possesses standing to move for the relief defendant requests pursuant to 18 U.S.C. § 3582(c) (permitting the director of the BOP to move for a reduction in the term of a defendant's imprisonment) or to permit defendant to visit his mother pursuant to 18 U.S.C. § 3622 (authorizing the BOP to release a prisoner for a limited time for the purpose of, *inter alia*, "visiting a relative who is dying").

[2] Several statutes and rules inapplicable to the present case permit the court to modify a sentence. See, e.g., 18 U.S.C. § 3582(c) (permitting a court to modify a sentence upon a motion by the director of the BOP, under the parameters of Rule 35, or under retroactive amendments to the Sentencing Guidelines); 28 U.S.C. §§ 2241, 2255 (establishing a procedure for federal prisoners to seek relief from imprisonment via a writ of habeas corpus); FED. R. CIV. P. 35 (authorizing a court to correct a sentence for clear error within seven days of its imposition or at a later time upon a motion by the government based upon substantial assistance); FED. R. CRIM. P. 36 (enabling court to correct the record to alleviate clerical error). None of these provisions is applicable in the instant matter. However, assuming *arguendo* that the court were authorized to modify defendant's sentence, his motion would fail to present grounds justifying the requested alteration. See, e.g., United States v. Donahue, No. Civ. A. 00-2454, 2001 WL 474417, at *2 (E.D. Pa. May 1, 2001) (concluding that a court "has no jurisdiction to reduce [a] sentence . . . because of [petitioner's] subsequently diagnosed illness" under 28 U.S.C. §§ 2241 and 2255); United States v. Graziano, Crim. No. 92-426-01, 1995 WL 753855, at *1 (E.D. Pa. Dec. 13, 1995) (observing that court lacks authority to reduce a previously imposed sentence due to medical hardship outside the parameters of Rule 35); United States v. Powel, Crim. No. 08-00090, 1989 WL 119657, at *2 (E.D. Pa. Oct. 5, 1989) (holding that "family illnesses are not grounds for reduction of sentence" under a previous version of Rule 35); United States v. Fantazzia, Crim. No. 87-00358, 1988 WL 33925, at * (E.D. Pa. Mar. 31, 1988) ("[F]amily illnesses and hardships are not grounds for reduction of sentence").